This is an appeal from a decree of the Hudson county orphans court, admitting to probate the last will and testament of John S. Hops. The caveatrix, Marie K. Lucht, who was a niece and the sole blood relation of the testator, charged that the testator lacked testamentary capacity, and that the will was the product of undue influence practices upon him by certain of the beneficiaries. *Page 12 
The Hudson county orphans court, after listening to the extensive and voluminous testimony presented by a large number of witnesses, who testified both favorably to the testamentary capacity of the testator, and to the contrary, reached the conclusion that the caveatrix had not succeeded in establishing either that the testator lacked testamentary capacity at the time of the execution of the will, or that the will was the product of undue influence, as that term is interpreted in the law. The court below was in a position to observe the demeanor of the witnesses, to note their interest or prejudice pro and con, and to receive the impressions made by their testimony and conduct, and also to actively participate in the technical atmosphere of the case created by the testimony of the expert and learned members of the medical profession who testified in the case. As a result of all this, the court below seems to have had no hesitancy in concluding that the will should not be invalidated. In a case where the testimony is so voluminous, and its range is so wide and extensive, and its purport is so conflicting, the impressions and views of the trial court are always entitled to great weight in the consideration of the case by an appellate tribunal, which has not had that opportunity by direct contact with the witnesses, and the atmosphere of the trial.
In the present case, in addition to the testimony adduced in the court below, further testimony was produced in this court on the appeal in accordance with the settled practice in cases of this character. But, irrespective of the views of the court below, neither the testimony presented upon the trial, nor that produced on the appeal, convinces me that the caveatrix has established the lack of testamentary capacity of the testator at the time of the execution of his last will and testament, or that it was the product of undue influence, and I am, therefore, inclined to concur in the conclusions of the trial court and to sustain the will.
It may well be that the testator was not a man of high intellectual attainments, and that he was untidy and rough in his habits, and that his actions were, at times, childish and even eccentric and erratic; but this would not necessarily indicate *Page 13 
that at the time he made his last will and testament he was so far deficient mentally as to be unable to understand and appreciate the nature of the property he possessed, the natural objects and beneficiaries of his bounty, and the scheme or plan of distribution of his estate, which he desired to accomplish and have carried out. If he had sufficient mental capacity to understand those elements, and was in a mental condition to appreciate their effect when he executed the will, it would be sufficient, under our established law, to sustain and validate the testamentary disposition of his estate. Not only has the caveatrix, in my judgment, failed to show that the testator was lacking in these respects, but, on the contrary, I feel that the evidence satisfactorily established that he did possess the faculties referred to.
I am also unable to find the evidence to sustain the proposition that the will was the product of undue influence, as our law regards that factor. It is not every form of persuasion or influence, in the ordinary sense of those terms, that is condemned; it must be such influence as will overcome the will of the testator, so that the judgment and testamentary plan of the one so balefully influencing him are substituted in the place of, and prevail over the judgment and testamentary plan of the testator, contrary to his real will and intent. This latter the caveatrix has failed to establish.
I will therefore advise a decree affirming the decree of the Hudson county orphans court admitting the will to probate. *Page 14